# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CRYSTAL ANN DYE**, | ) |
| Petitioner, | ) Case No. 7:06CV00419 |
| v. | ) **OPINION AND ORDER** |
| **ALBERTO R. GONZALAS,** **ATTORNEY GENERAL FOR THE** **UNITED STATES OF AMERICA,** | ) By: James P. Jones ) Chief United States District Judge |
| Respondent. | ) |

*Crystal Ann Dye, Pro Se.*

Petitioner Crystal Ann Dye moves the court for appointment of counsel in this habeas corpus action, brought pursuant to 28 U.S.C.A. § 2241 (West 2001). Ms. Dye's retained attorney, Walter Franklin Green, IV, was suspended from the practice of law after the action was filed. By order entered December 29, 2006, I stayed the case to allow Ms. Dye an opportunity to retain new counsel or inform the court that she wished to proceed pro se. She then filed the Motion for Appointment of Counsel, stating that she is indigent and her husband had to take out a loan to pay Mr. Green a retainer fee of $8,000 for this case. Ms. Dye has also filed a "Motion to Rectify." Upon review of the record, I find that Ms. Dye's motions must be denied.

The court has the discretion to appoint counsel in a § 2241 action upon finding that "the interests of justice so require." *See* Criminal Justice Act, 18 U.S.C.A. § 3006A(a)(2)(B) (West Supp. 2006). Given the nature of Ms. Dye's claims in this action, I cannot find that the interests of justice warrant appointing counsel for her, although I sympathize with her situation.[1]

In her "Motion to Rectify," Ms. Dye states that she has completed the six-year state sentence imposed by the Circuit Court of Russell County, Virginia, in March of 2000 and should be transferred to a federal facility to begin her federal sentence. Records submitted with the Motion to Dismiss, however, clearly indicate that Ms. Dye has another state sentence to serve before she is released to federal custody in 2009.[2]

For the stated reason, it is hereby **ORDERED** that petitioner's Motion for Appointment of Counsel and her Motion to Rectify are **DENIED**, and she is directed to file her response to the Motion to Dismiss on or before March 1, 2007.

---

[1] Ms. Dye or her husband may be able to recover an appropriate portion of the $8,000 retainer fee from Mr. Green since he was unable to complete the representation for which he was hired. If there is a dispute about this matter, they may contact the Virginia State Bar for assistance, at 804/775-0570 (toll free 866/548-0873).

[2] On April 4, 2000, the state court ordered her to serve two previously suspended sentences totaling four years and eight months. (Mot. Dismiss, Ex. C.)

-2-

ENTER: February 2, 2007

/s/ JAMES P. JONES
Chief United States District Judge