# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CRYSTAL ANN DYE**, | ) |
| Petitioner, | ) Case No. 7:06CV00419 |
| v. | ) **OPINION** |
| **ALBERTO J. GONZALES,** | ) By: James P. Jones |
| **U.S. ATTORNEY GENERAL,** | ) Chief United States District Judge |
| Respondent. | ) |

*Crystal Ann Dye, Petitioner Pro Se; Thomas L. Eckert, Assistant United States Attorney, Roanoke, for Respondent.*

Crystal Ann Dye, a Virginia inmate, originally brought this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.A. § 2241 (West 2006) through counsel. Currently, however, she is acting pro se.[1] Respondent has filed a Motion to Dismiss. The court notified petitioner of respondent's motion as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), and warned petitioner that judgment might be granted for the respondent if she did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining her claims. Petitioner has not responded. The time allotted for her

---

[1] The proper respondent in this action is petitioner's immediate custodian, Barbara J. Wheeler, Warden of Fluvanna Correctional Center for Women, rather than the Attorney General for the United States. Because I find that the case must be dismissed, however, I will not notice the error.

response has expired, making the matter ripe for the court's consideration. Upon review of the record, I find that the Motion to Dismiss must be granted.

I

Petitioner Dye pleaded guilty to making false material declarations to a federal grand jury, in violation of 18 U.S.C.A. § 1623 (West 2000), and conspiracy to commit offenses against the United States, in violation of 18 U.S.C.A. § 371 (West 2000). I sentenced her on January 20, 1998, to serve three years of probation. Dye pleaded guilty in the Circuit Court of Russell County, Virginia, on March 15, 2000, to charges of malicious wounding and unlawful wounding and on March 17, 2000, was sentenced to seventeen years with eleven years suspended, leaving an active sentence of six years to serve in prison. On April 4, 2000, the circuit court also found her guilty of violating her state probation on previous burglary and grand larceny convictions; the court revoked two suspended sentences of four years and eight months each and ordered her to serve these terms in prison, concurrent with each other, but consecutive to any other sentence imposed.

Federal authorities borrowed Dye from Virginia custody on May 22, 2000, pursuant to a Writ of Habeas Corpus Ad Prosequendum for one day. That same day, Dye was found guilty of violating her federal probation and was sentenced to serve

thirty-six months imprisonment, consecutive to any other state or federal sentence. Later on May 22, 2000, Dye was returned to state custody to continue serving her Virginia sentence. Dye did not appeal her federal sentence or file a motion to vacate that sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Federal authorities lodged a detainer with the Virginia Department of Corrections ("VDOC") on May 30, 2000, based on Dye's federal probation revocation sentence.

In her § 2241 petition, Dye alleged two grounds for relief:

1. That the court imposed a federal sentence consecutive to petitioner's state sentence in reliance on a presentence report that erroneously stated that petitioner received a state sentence of six years rather than seventeen years; and

2. That petitioner had been in federal custody since the date that the federal detainer was issued against her in May 2000 and that as a result, she should receive credit against her federal sentence from the time that the federal detainer was issued.

II

In Claim 1, Dye argues that if the federal presentence report had properly represented her state sentence as seventeen years, the court would have exercised its discretion to impose her probation revocation sentence to run concurrent with her state sentence. Because this claim challenges the imposition, rather than the

- 3 -

execution, of Dye's federal sentence, the claim is not properly raised under § 2241 and must be dismissed.

Generally, a challenge to the imposition of a federal sentence must be brought on direct appeal or in a motion for collateral review under 28 U.S.C.A. § 2255. *United States v. Snow*, 748 F.2d 928, 933-34 (4th Cir. 1984). On the other hand, a challenge to the execution of a federal sentence is properly raised in a petition for a writ of habeas corpus pursuant to §2241.[2] *Id.*; *Jiminian*, 245 F.3d at 146. A federal inmate cannot challenge the imposition of her sentence under § 2241 unless she first shows that her remedy under § 2255 is "inadequate or ineffective to test the legality of [her] detention." *See* 28 U.S.C.A. § 2255 para. 5; *Swain v. Pressley*, 430 U.S. 372, 381 (1977). Section 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision, whether based on the statute of limitations, the rule against successive petitions, or failure to state a claim. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

---

[2] Challenges to the execution of a sentence include such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, and type of detention. *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001).

- 4 -

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34.

Dye cannot show that the conduct for which she was convicted is no longer considered criminal. No intervening law has legalized false declarations to a grand jury or conspiracy. As she thus fails to satisfy the second prong of the *Jones* standard, she cannot prove that § 2255 is inadequate to test the validity of her confinement under the *Jones* standard. Therefore, it is clear that I cannot consider Dye's petition under § 2241.

Because Dye no longer has counsel and is acting pro se, I could liberally construe her current pleading as a § 2255 motion. As such, however, her claims are untimely filed, pursuant to § 2255 para. 6(1).

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. Equitable tolling of the statutory period is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

Under § 2255 para. 6(1), Dye's federal conviction became final on or about June 5, 2000, when her opportunity to appeal the probation revocation decision expired. *See* Fed. R. App. P. 4(b)(1)(A). She then had until June 5, 2001, to file a § 2255 motion concerning that judgment. Dye's submissions do not indicate any ground upon which the statutory period should be calculated under any other subsection of § 2255 para. 6 or any ground upon which she is entitled to equitable tolling. Therefore, I will not construe her petition as a § 2255 motion.

In any event, Dye's argument in Claim 1 is based on pure speculation. In fact, the applicable provision of the advisory United States Sentencing Guidelines ("U.S.S.G.") provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f) (2006). The guidelines do not suggest that the court should or may run a probation revocation sentence concurrently to other sentences, merely because those other sentences are lengthy. In determining that Dye should serve thirty-six months for violating her probation, I considered the guideline range as well as her proven inability to abide by the laws of the land and her squandering of the

opportunity I had offered her initially to serve no prison time on her federal offense. Knowing the full extent of her pending state sentences would not have caused me to run her federal sentence concurrent to those state sentences or to decrease the length of the federal sentence.

III

Dye's second claim is cognizable under § 2241, because it challenges the execution of her federal sentence. Specifically, she alleges that her federal sentence should be recalculated as commencing on May 30, 2000, the date on which federal authorities lodged a detainer against her with VDOC authorities. This claim has no basis in fact or law.

Dye was in state custody in May 2000, when I sentenced her for violating federal probation conditions. She has remained in state custody ever since, as she has not yet begun serving her federal sentence. Contrary to Dye's argument, it is well established that placement of a federal detainer against an inmate in state custody "neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992).

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a) (West 2000). Because Dye's probation revocation sentence was imposed to run consecutive to her state sentences, that federal sentence will not commence until Virginia relinquishes its primary jurisdiction over her and she is taken into federal custody awaiting transportation to the official detention facility where she will serve her federal sentence. Thus, I cannot find that her federal sentence has been wrongfully executed in any way and cannot find any ground on which she is entitled to habeas relief under § 2241.

IV

For the stated reasons, I find that the Motion to Dismiss must be granted and the Petition for a Writ of Habeas Corpus pursuant to § 2241 must be dismissed. A separate Final Order will be entered herewith.

DATED: June 7, 2007

/s/ JAMES P. JONES
Chief United States District Judge